UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAM BUI,<br><br>    Petitioner,<br><br>    v.<br><br>S. FRAUENHEIM,<br><br>    Respondent. | Case No. 20-cv-01847-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Tham Bui, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

Petitioner was found guilty by a jury of conspiracy to commit murder, first degree burglary, assault with a deadly weapon and arson. *People v. Bui*, No. H044430, 2019 WL 1325260, at *1 (Cal. Ct. App. March 25, 2019). It was also found that petitioner suffered two prior strike convictions. *Id*. Petitioner was sentenced to state prison for an indeterminate term of 155 years to life and a determinate term of 48 years. *Id*. The California Court of Appeal affirmed the conviction. *Id*. at 2. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred in denying a motion to suppress evidence related to the tracking of his cellphone; (2) the trial court erred in admitting evidence of a confidential conversation; (3) the trial court erred in admitting into evidence a declaration against interest; (4) there were erroneous jury instructions; (5) there was cumulative error; and (6) in light of a new state law the case should be remanded to the trial court to decide on dismissing a prior felony enhancement.

In claim one petitioner argues that the trial court erred denying a motion to suppress in violation of the Fourth Amendment. The case of *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). All *Stone* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this Court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015).

California state procedure provides an opportunity for full litigation of any Fourth Amendment claim.

In this case petitioner took advantage of California state procedure and litigated the Fourth Amendment claim. *Bui*, 2019 WL 1325260, at *13-15. The trial court found that petitioner did not have an expectation of privacy in his cell phone location data. *Bui*, 2019 WL 1325260, at *15. Therefore, *Stone* bars federal habeas review of this claim which is dismissed.

For claim six, petitioner argues that pursuant to California Senate Bill No. 1393, the case should be remanded to permit the trial court to exercise its discretion whether to dismiss his prior felony conviction that enhanced the sentence. Senate Bill No. 1393 amended the penal law to delete the restriction prohibiting a judge from striking a prior serious felony enhancement. *Bui*, 2019 WL 1325260, at *34. A judge can now in the furtherance of justice exercise its discretion to strike or dismiss an enhancement for a prior serious felony conviction. *Id*. This claim was denied by the state courts. The California Court of Appeal noted that the trial court stated at sentencing that the crimes were exceptionally dangerous and violent, petitioner would be a threat if released into the community and the trial court had continuing fears for the victim. The California Court of Appeal held that based on these comments and the facts of the case, a remand would serve no purpose because the trial court would not reduce the sentence. *Bui*, 2019 WL 1325260, at *36. Petitioner has presented a purely state law claim that the state courts denied. This claim is dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Liberally construed, claims two, three, four and five are sufficient to require a response.

## CONCLUSION

1. The first and sixth claim in the petition are **DISMISSED**.

2. The clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Docket No. 1).

3.       Respondent shall file with the Court and serve on petitioner, within eighty-four (84) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4.       Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due eighty-four (84) days from the date this order is entered.  If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5.       Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 11, 2020

JAMES DONATO
United States District Judge